UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES R. TAYLOR, *et al.*, | : | Case No. 3:12-cv-10 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| KISER LAKE SPORTSMEN'S CLUB, INC., | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (DOC. 13)**

This civil case is before the Court upon the Motion of Plaintiffs James R. Taylor and Lisa A. Taylor (the "Taylors") for Summary Judgment against Defendant Kiser Lake Sportsmen's Club (the "Club") pursuant to Fed. R. Civ. P. 56. (Doc. 13). The Club did not respond to Plaintiffs' Motion, and the time for doing so has expired. Plaintiffs' Motion is now ripe for decision by the Court.

Having considered Plaintiffs' Motion, the evidence, and admissions of Defendant, the Court finds that:

1. Plaintiffs James R. Taylor and Lisa A. Taylor are the owners of an 82-acre parcel of land, which borders on Kiser Lake Road and Possum Hollow Road in Johnson Township, Champaign County, Ohio, and which is identified by the Champaign County Auditor as Parcel F16-06-12-15-00-012-09 (the "Taylor Property").

2. Defendant Kiser Lake Sportsmen's Club (the "Club") is the owner of a 4.67-acre parcel of property located at 10772 Possum Hollow Road in Johnson Township, Champaign County, Ohio, and which is identified by the Champaign County Auditor as Parcel F16-06-12-15-00-003-00 (the "Club Property").

3. The Club has conducted shooting activities and events on the Club Property for more than fifty years;

4. Trap shooting activities and events conducted by the Club have caused lead shot to be deposited in and on the Taylor Property;

5. The Club has not attempted to recover, reclaim, or reuse the lead shot it deposited in and on the Taylor Property;

6. The lead shot the Club deposited on the Taylor Property has been abandoned, discarded, and disposed of;

7. Soil sampling and laboratory testing performed on the Club's behalf in 2012 confirmed the presence of lead in soils on the Taylor Property at concentrations up to 6,591 mg/kg;

8. Soil sampling and laboratory testing performed on Plaintiffs' behalf in 2009 confirmed the presence of lead in soils on the Taylor Property at concentrations up to 120,000 mg/kg;

9. The lead shot deposited on the Taylor Property, and the soils contaminated thereby, are "solid wastes" as that term is used in RCRA and defined in 42 U.S.C. § 6903(27) and 40 C.F.R. § 261.2;

10. The lead shot deposited on the Taylor Property, and the soils contaminated thereby, are "hazardous wastes" as that term is used in RCRA and defined in 42 U.S.C. § 6903(5) and 40 C.F.R. § 261.3;

11. The lead shot deposited on the Taylor Property, and the soils contaminated thereby, are "hazardous substances" as that term is used in 42 U.S.C. § 9607(a) and defined in 42 U.S.C. § 9601(14);

12. The Club Property and Taylor Property are "facilities" as that term is used in 42 U.S.C. § 9607(a) and defined in 42 U.S.C. § 9601(9);

13. The Club is the "owner" and "operator" of a facility and a "potentially responsible party" as those terms are used in 42 U.S.C. § 9607(a) and/or defined in 42 U.S.C. § 9601(20);

14. The Club is storing and has disposed of hazardous waste on the Club Property and the Taylor Property;

15. The Club has neither applied for nor obtained a permit to operate a facility for the treatment, storage, or disposal of hazardous waste in violation of 42 U.S.C. § 6925(a);

16. The Taylors have incurred "costs of response," as that phrase is used in 42 U.S.C. § 9607(a), including investigatory costs in the amount of $3,250.00.

17. The lead shot deposited on the Taylor Property, and the soils contaminated thereby, may present an "imminent and substantial endangerment to health or the environment" as that phrase is used in 42 U.S.C. § 6972(a)(1)(B);

18. The Taylors have incurred costs of litigation (including expert witness and attorney fees) in connection with the above-captioned suit;

19. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a), and 2201 and 42 U.S.C. §§ 9613(b) and 6972(a)(2);

20. Plaintiffs properly served notice of intent to sue upon the Administrator of the United States Environmental Protection Agency ("EPA"), the Regional Administrator of EPA Region V, the Attorney General of the United States, the Ohio EPA, and Defendant, at least ninety days prior to commending this suit, in accordance with 42 U.S.C. § 6972(b)(2)(A) and 40 C.F.R. § 254.2;

21. There is no genuine issue of material fact that precludes summary judgment on the Taylors' claims under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, et seq. ("RCRA"), and the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. § 9601, et. seq. ("CERCLA"); and

22. The Taylors are entitled to judgment as a matter of law on their RCRA and CERCLA claims.

It is, therefore, **ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. 13) is **GRANTED**, and that:

    A. The Club is permanently enjoined, pursuant to 42 U.S.C. § 6972, from further violating RCRA by storing and disposing of lead on the Club property and the Taylor Property without a permit;

    B. The Club is ordered, pursuant to 42 U.S.C. § 6972, to cleanup and dispose of lead shot and other hazardous wastes on the Club Property and the Taylor Property in accordance with applicable state and federal laws and to take such other actions as may be necessary to abate the imminent and substantial endangerment that those wastes present;

C. The Club shall, within thirty (30) days from entry of this judgment, provide the Court with a plan for addressing its obligations under the foregoing paragraph;

D. The Club is liable, pursuant to 42 U.S.C. §§ 9607(a) and 9613(g)(2), for all costs of response incurred by the Taylors that are necessary and consistent with the National Contingency Plan, as set forth in 40 C.F.R. Part 300;

E. The Taylors shall have a monetary judgment in their favor and against the Club, pursuant to 42 U.S.C. § 9607(a), in the amount of $3,250.00, for reasonable and necessary investigatory costs incurred by the Taylors;

F. The Taylors, as the prevailing or substantially prevailing party in this action, are entitled recover their costs of litigation (including reasonable attorney and expert witness fees) pursuant to 42 U.S.C. §6972(e); and

G. The Taylors shall, within forty-five (45) days from entry of this judgment, submit evidence concerning the value of the services provided by their attorneys and expert witnesses.

**IT IS SO ORDERED**.


Date: December 11, 2012                              *s/ Timothy S. Black*
                                                     Timothy S. Black
                                                     United States District Judge