UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES R. TAYLOR, *et al.*, | : | Case No. 3:12-cv-10 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| KISER LAKE SPORTSMENS CLUB, INC., | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF LITIGATION COSTS (Doc. 16) AND AWARDING PLAINTIFFS $21,139.25**

This case is before the Court on Plaintiffs' Motion for an Award of Litigation Costs pursuant to 42 U.S.C. § 6972(e).  Plaintiffs evidence $21,139.25 in attorney fees, expert fees and costs.  Defendant did not file any opposition to Plaintiffs' Motion and the time for doing so has expired.  Accordingly, Plaintiffs' Motion is ripe for an order by the Court

Pursuant to 42 U.S.C. § 6972(e), "[t]he court, in issuing any final order in any action brought pursuant to this section or section 6976 of this title, may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate."  The Court previously concluded that Plaintiffs are entitled to recover under 42 U.S.C. § 6972(e) in this case.  (Doc. 14).  Plaintiffs now present $18,067.50 in attorney fees, $2,677.43 in expert fees and $394.32 in costs and seek to recover those costs pursuant to 42 U.S.C. § 6972(e).  Absent objection by Defendant, and upon the Court's review, the Court finds the expert fees and costs appropriate and reasonable and grants Plaintiffs' Motion in that regard.

With regard to attorney fees, a "[p]laintiff bears the burden of proving that the requested fees and expenses are reasonable." *Citizens Against Pollution v. Ohio Power Co.*, 484 F.Supp.2d 800, 808 (S.D. Ohio 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)). "In determining what is reasonable, the general approach is to 'first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate'" and "[t]here is a 'strong presumption that the lodestar represents the reasonable fee.'" *Id*. (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)).

Here, Plaintiffs' attorney presents 80.3 hours of attorney work in this case at a rate of $225 per hour. A review of the hours submitted by Plaintiffs' attorney appears reasonable. With regard to the hourly rate, "The Economics of Law Practice in Ohio[,]" published by the Ohio State Bar Association's Solo, Small Firm & General Practice Section in 2010,[1] demonstrates that the median hourly billing rate for attorneys in environmental law was $280 in 2010. *See* The Economics of Law Practice in Ohio, Ohio State Bar Association (found at https://www.ohiobar.org/General%20Resources/pub/2010_Economics_of_Law_Practice_Study.pdf). Defendant presents no objections to the number of hours counsel spent on this case or the fee presented. Based on the complexity of the issues presented in this case and experience of counsel, the Court concludes that the $225 hourly rate presented is reasonable.

---

[1] The Court notes that "[o]n several occasions, the Sixth Circuit has approved of the use of a state bar survey of hourly billing rates in determining a reasonable hourly rate." *Doe v. Ohio*, No. 2:01-cv-464, 2010 WL 2854106 at *4 (S.D. Ohio Jul. 19, 2010) (citing *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 n. 6 (6th Cir.2007); *Auto Alliance Int'l Inc. v. United States Customs Serv.*, 155 Fed. Appx. 226, 228 (6th Cir.2005)). Accordingly, the Court will consider the publication as a proper reference but acknowledges that "the average hourly billing rates do not adequately take all relevant factors into account[,]" such as "the complexity of the litigation or the fields of specialties of the attorneys." *Id*. (citing *Lee v. Javitch, Block & Rathbone*, 568 F.Supp.2d 870, 876 (S.D. Ohio 2008)).

Finding no basis to depart from the lodestar amount, the Court grants Plaintiffs reasonable attorney fees in the amount of $18,067.50.

Accordingly, based on all of the foregoing, Plaintiffs' Motion for an Award of Litigation Costs (Doc. 16) is **GRANTED**. The Court awards Plaintiffs $18,067.50 in attorney fees, $2,677.43 in expert fees and $394.32 in costs, for a total of $21,139.25. This case is **CLOSED**.

**IT IS SO ORDERED.**

Date: February 28, 2013          *s/ Timothy S. Black*
                                                     Timothy S. Black
                                                     United States District Judge